UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAMONDA KING, | ) |
| Movant, | ) 05 C 2118 |
| v. | ) Honorable Charles R. Norgle |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Defendant Lamonda King's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the following reasons, the Motion is denied.

## I. INTRODUCTION

### A. Facts

In November 2001, Defendant Lamonda King ("King") purchased approximately eight handguns in Memphis, Tennessee, and brought them back to Chicago, Illinois. Upon his arrival in Chicago, King arranged for the sale of these firearms through Lester Green ("Green") to an individual on South Western Avenue. Then, in January 2002, King purchased another six handguns in Memphis, and again brought them back to Chicago. Green arranged for King to sell the guns to gang members on the 700 block of South Western Avenue for $3,200.00. A month later, King purchased ten handguns and an IntraTec22, a semi-automatic assault weapon in Memphis, and again sold the guns to gang members through Green. At the time King possessed

1

the thirty-four firearms and IntraTec22, he had previously been convicted of a felony in the Circuit Court of Cook County.

## B. Procedural History

On July 25, 2003, King was charged in a two count information for conspiracy to deal in firearms and illegal dealing in firearms. On September 11, 2003, King entered into a written plea agreement in which he pled guilty to both counts. Under the terms of the plea agreement, the government moved for a downward departure equal to one half of the low end of the guideline range, pursuant to 18 U.S.C. § 3553(e). The plea agreement, which King signed, included the following terms.

> Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates to this waiver or its negotiation.
>
> The defendant is also aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined), in exchange for the concessions made by the United States in this Plea Agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

Additionally, before the court accepted King's guilty plea, it engaged in the following colloquy.

> THE COURT: Have you discussed this with your attorney?
> THE DEFENDANT: Yes.
> THE COURT: Do you have any questions regarding it?

2

THE DEFENDANT: No.
THE COURT: Are you entering into this plea agreement voluntarily?
THE DEFENDANT: I am.
THE COURT: Are you pleading guilty voluntarily?
THE DEFENDANT: Yes.
THE COURT: Do you know what you are doing?
THE DEFENDANT: Yes, sir.
THE COURT: Have you had enough time to think about all of these matters?
THE DEFENDANT: Yes.
THE COURT: Do you understand what you are doing?
THE DEFENDANT: Yes.

On February 4, 2004, the court sentenced King to 54 months in prison, a term he agreed to with the government. At sentencing, the court engaged in the following colloquy.

THE GOVERNMENT: He [King] waived his rights to appeal, and also the 2255 petition.
THE COURT: Yes. I want to add a few words about that.
    You have the right to appeal, and any notice of appeal must be filed in the Clerk's Office within ten days. You have the right to be represented by an attorney on the appeal. And if you cannot afford one, one will be appointed to represent you.
    However, as counsel has just pointed out, the written plea agreement provides for a waiver of appeal. And so you should look at that written plea agreement and the specific paragraph or paragraphs that deal with the right to appeal and the waiver of the right to appeal.
    Look that over, discuss it with Mr. Shobat or any attorney, and then make your decision.
    So to the extent that you have not waived your right to appeal within the terms of the written plea agreement, you do have the right to appeal.
    But once again, look over the written agreement, discuss it with your attorney, or any attorneys, and then decide what it is that you want to do.
    Do you understand what I have just said?
THE DEFENDANT: Yes.
THE COURT: So you have Mr. Shobat standing to your right. You can look that over, discuss that with him, or any attorney. But once again, any notice of appeal must be filed in the Clerk's Office within ten days. Is there anything more that you want to say today?
THE DEFENDANT: No.

The judgment was docketed on February 9, 2004. King never filed a direct appeal of his

sentence, and on April 11, 2005, filed his pro se Motion under § 2255. The government filed its Response on March 3, 2006, and on March 24, 2006, King sent the court an unsolicited communication, which the court construes as King's Reply. The Motion under § 2255 is now fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Decision

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional, of Constitutional magnitude, or there has been a "complete miscarriage of justice." See Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004). This statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 ¶ 1. If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255 ¶ 2. In making that determination, the court must review the evidence and draw all reasonable inferences from it in a light most favorable to the Government. See United States v. Galati, 230 F.3d 254, 258 (7th Cir. 2000); Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992).

Section 2255 petitions are subject to various bars, including that of procedural default. Section 2255 petitions are "'neither a recapitulation of nor a substitute for a direct appeal.'"

McCleese v. United States, 75 F. 3d 1174, 1177 (7th Cir. 1996) (citations omitted). Therefore, a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-Constitutional issues that could have been raised on direct appeal, but were not; and (3) Constitutional issues that were not raised on direct appeal. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994)).

There are two exceptions to the procedural default rule: (1) if the movant demonstrates cause for failing to raise the issue and actual prejudice resulting therefrom; or (2) the court's refusal to consider the Constitutional issue would result in a fundamental miscarriage of justice, which requires a showing of actual innocence. See Belford, 975 F.2d at 313 (collecting authority); see also McCleese, 75 F.3d at 1177-78 (discussing fundamental miscarriage of justice).

Apart from the above noted procedural bars, potential movants are prohibited from filing § 2255 motions where they have expressly agreed to waive their right to do so in their plea agreements. The Seventh Circuit approves of these waivers, with one limited exception. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000) ("we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to sec. 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver") (quoting Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999)). In light of these principles, the court examines King's Motion.

## B. King Has Expressly Agreed to Waive His Right to File a § 2255 Motion

As the court has indicated in section I A of this Opinion, King has expressly agreed to

5

waive his right to file a § 2255 motion. Paragraph 12 of his Plea Agreement reads in part,

> The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or its negotiation.

The court first notes that King has not made any claim that his attorney was ineffective "with respect to those discrete claims which relate directly to the negotiation of the waiver." See Jones, 167 F.3d at 1145. Morever, during the plea colloquy, King admitted that he read the Plea Agreement, and understood that he was waiving his right to appeal, or collaterally attack, his sentence.

> THE COURT: Paragraph 12 says: The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255. This section, 2255, Mr. King, is what is called a habeas corpus action. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel which relates directly to this waiver or to its negotiation.
> Do you understand what is contained in paragraph 12?
> THE DEFENDANT: Yes.
> THE COURT: Have you discussed this with your attorney?
> THE DEFENDANT: Yes.
> THE COURT: Do you have any questions regarding it?
> THE DEFENDANT: No.
> THE COURT: Are you entering into this plea agreement voluntarily?
> THE DEFENDANT: Yes.
> THE COURT: Do you know what you are doing?
> THE DEFENDANT: Yes.
> THE COURT: Have you had enough time to think about all of these matters?
> THE DEFENDANT: Yes.
> THE COURT: Do you understand what you are doing?
> THE DEFENDANT: Yes.

Plea Colloquy, at 19. The court therefore finds that King has knowingly and voluntarily waived

6

his right to file a § 2255 Motion, and the court will enforce this waiver.

The court has thus determined dispositively that King's § 2255 Motion is barred under the terms of his Plea Agreement.

## C. King's Motion is Time Barred

Assuming, *arguendo*, that King did not waive his right to file a § 2255 motion, King failed to file this motion within the required one-year time period. The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides for a 1-year period of limitation governing motions for collateral relief under § 2255. The one-year period runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental actions in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255, ¶ 6. Here, the date on which King's conviction became final was February 24, 2004, when the date to file his appeal expired. Under § 2255, ¶ 6(1), King had until February 25, 2005 to file his motion under § 2255. Therefore, King's Motion filed on April 11, 2005 is untimely. See Nolan v. United States, 358 F.3d 480, 485 (7th Cir. 2004). Additionally, King does not allege any claim of equitable tolling of the one-year limitation. See Horton v. United States, 244 F.3d 546, 550 (7th Cir. 2001). As a result, King's Motion under § 2255 must be denied as untimely.

## III. CONCLUSION

For the foregoing reasons, King's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is denied.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 6-2-06